UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYNETTE HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01198-RLY-MJD |
| | ) |
| ALEJANDRO MAYORKAS, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO COMPEL**

This matter is before the Court on Defendant's Motion to Compel, [Dkt. 31], in which Defendant seeks an order compelling Plaintiff to produce full and complete copies of her mental health treatment records, as such records are directly relevant to Plaintiff's claims.

Under the Federal Rules of Civil Procedure, litigants are afforded liberal discovery. As amended in 2015, Rule 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of admissibility. Fed. R. Civ. P. 26(b)(1). After making a good faith effort to resolve discovery disputes without court intervention, a party may move to compel discovery if its opponent has provided "an evasive or incomplete disclosure, answer, or response," or otherwise failed or refused to respond to discovery requests. Fed. R. Civ. P. 37(a)(1)-(4). The party objecting to the discovery then bears the burden of advancing specific reasons why each particular request is improper. *Cunningham v. Smithkline Ceecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citations omitted). Importantly, district courts possess broad discretion in resolving discovery disputes. *Conroy v. Select Med. Corp.*, 307 F. Supp. 3d 896, 901-02 (S.D. Ind. 2018) (collecting cases).

On May 13, 2021, Plaintiff, who is proceeding *pro se*, filed her Complaint alleging racial discrimination and retaliation while employed by the Department of Homeland Security. [Dkt. 1.] She seeks monetary relief for "emotional pain and suffering" and "mental anguish," *id.* at 3, and identified her own medical records as one category of exhibits that she intends to rely on in this litigation, [Dkt. 16 at 1].

Defendant served discovery requests in October 2021. Interrogatory No. 14 asked Plaintiff to "[i]dentify each and every medical professional from whom [she] sought treatment for emotional distress from 2016 to the present" and to provide contact information for each professional. [Dkt. 31-2 at 9.] Plaintiff did not provide a response or any relevant information. *Id.* Document Request No. 28 sought "[a]ll of [Plaintiff's] records from any psychiatrist, psychologist, therapist, or counselor from 2016 to the present." [Dkt. 31-1 at 4.] Plaintiff's response to Document Request No. 28 represented that all responsive records were "[e]nclosed." [Dkt. 31-1 at 2.] However, Defendant asserts that Plaintiff did not produce the applicable records and, further, during her March 4, 2022, deposition, stated that she had in fact received mental health treatment from a doctor while employed by the Department of Homeland Security. [Dkt. 32 at 2-3.] Defendant sought to resolve this discovery dispute without court intervention on March 21, 2022, explaining to Plaintiff that the records sought are directly relevant to her alleged damages and thus she is obligated to produce them. [Dkt. 31-4.] Plaintiff did not respond to Defendant's correspondence and has still yet to provide responsive materials.

On April 11, 2022, Defendant filed the instant motion, seeking to compel full and complete copies of Plaintiff's mental health treatment records. [Dkt. 31.] Plaintiff has not responded to Defendant's Motion to Compel, and thus she has waived her opportunity to object to the discovery requests or establish that the information sought should not be produced. That

said, even if Plaintiff had not waived her opportunity to object, she would nonetheless be required to produce the responsive materials on the grounds that they are directly relevant to her alleged damages. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, the Court **GRANTS** Defendant's unopposed Motion to Compel, [Dkt. 31]. Plaintiff shall, **on or before May 26, 2022**, serve a full and complete response to Interrogatory No. 14 and produce full and complete copies of her mental health treatment records that are responsive Document Request No. 28.

SO ORDERED.

Dated:  5 MAY 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

RAYNETTE HUGHES
1700 Toltec Circle
Henderson, NV 89014

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.